UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEMETRIUS HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00110-JPH-DLP |
| ) | |
| COUNTER TERRORISM UNIT, ) | |
| BOP DIRECTOR, ) | |
| PROG. DIV. ASST. DIRECTOR, ) | |
| IAN CONNERS, ) | |
| KRUGER, ) | |
| BRADLEY, ) | |
| ALL KNOWN AND UNKNOWN BOP STAFF, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND
FOR EQUITABLE RELIEF**

**I.**

This action was originally filed in the District of Columbia on November 5, 2019. Dkt. 1. On July 29, 2020, the action was transferred to the Northern District of Illinois. Dkt. 10. On February 24, 2021, the action was transferred to this Court. Dkt. 15. Several motions are pending and will be addressed in this Order.

**II.**

The plaintiff's motion to proceed *in forma pauperis,* filed on November 5, 2019, dkt. [2], is **granted.** The plaintiff is assessed an initial partial filing fee of Twenty Dollars and Eight Cents ($20.08). He shall have **through April 24, 2021,** in which to pay this sum to the clerk of the district court. Failure to pay the initial partial filing fee as directed in this Entry could result in the dismissal of the action for failure to comply with Court orders and failure to prosecute.

1

After the initial partial filing fee is received, the Court will screen the complaint in accordance with 28 U.S.C. § 1915A.

### III.

The plaintiff's motion for preliminary injunction, filed on July 21, 2020, asks that the Warden of USP Thomson, Warden Rivers, and his subordinates be prohibited from destroying the plaintiff's religious materials. That motion, dkt. [9], is **denied without prejudice**.

Preliminary relief is not yet available to the plaintiff because "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court." *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013) (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). No defendants have been served yet in this case. Moreover, Mr. Hill's complaint and his motion for a preliminary injunction are based on different events and actors. Mr. Hill's complaint focuses on conduct that occurred at a federal detention facility in Terre Haute, Indiana from February 2018 through November 2019. *See* dkt. 1; dkt. 1-1; dkt. 14 at 2. However, after filing this suit, Mr. Hill was transferred to another facility—USP Thomson—in Illinois, and Mr. Hill's motion for preliminary injunction focuses on conduct that occurred there. *See* dkt. 14 at 2; dkt. 8. Therefore, the events underlying Mr. Hill's complaint and his motion for preliminary injunction differ. *See Hamilton v. Floyd Cty. Indiana*, No. 4:16-CV-00210-SEB-DML, 2018 WL 4680186, at *5 (S.D. Ind. Sept. 28, 2018) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citation omitted).

## IV.

The plaintiff's motion for equitable relief, filed on January 27, 2021, requests a status conference and that the defendants be required to respond to the complaint. He also requests a copy of the complaint. The motion for equitable relief, dkt. [13], is **denied as premature** as to the requests for a conference and defendants' responses. The motion, dkt. [13], is **granted** to the extent that **the clerk is directed to include a copy** of the complaint, dkt. 1, with the plaintiff's copy of this Order.

**SO ORDERED.**

Date: 3/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEMETRIUS HILL
68133-053
THOMSON USP
USP Thomson
P.O. Box 1002
Thomson, IL 61285