UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEMETRIUS HILL, | ) |
|         Plaintiff, | ) |
|     v. | ) No. 2:21-cv-00110-JPH-DLP |
| WINGERD, et al. | ) |
|         Defendants. | ) |

**ORDER ON MOTION FOR COURT ASSISTANCE**

Plaintiff Demetrius Hill brought this civil rights action alleging that he was denied the ability to practice his self-created religion "The 1st Prophecy: Treason" and was subjected to excessive force while he was incarcerated at USP Terre Haute. The Court screened his complaint, dismissing claims related to the practice of his religion and allowing his excessive force claim to proceed. Dkt. 27. In response, Mr. Hill has filed a motion for court assistance seeking reconsideration of the dismissal of his religious claims. Dkt. [36].

"Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991).

Mr. Hill first argues that it was blasphemy for the Court to characterize his equal protection claim as an attempt to compare his religion to satanism. But Plaintiff's third argument in his motion and his amended complaint both argue that Satanists are allowed to practice their religion in prison while he is not. Dkt. 36 at 1-2; dkt. 21 at 4-5. The Court dismissed this argument because worshipping Satan does not violate the Constitution or federal law, while the purpose of Plaintiff's religion is to overthrow the U.S. government. Dkt. 36 at 2 ("The Lord has Decreed The 1st Prophecy: The American government Must be Otherthrown!").

Mr. Hill next argues that his Religious Freedom and Restoration Act (RFRA) claim should not have been dismissed because there is a less restrictive means of restricting his religious practice, namely censoring his communications with fellow inmates to remove any threatening content. But as the Court discussed in its screening order, the amended complaint and its attachments reflect that because the entire basis of Mr. Hill's religion is to commit treason, there are no less restrictive methods that prison authorities could use to achieve the goal of not allowing Mr. Hill to join forces with others in promoting his religion. Mr. Hill does not explain how prison officials could effectively censor his treasonous communications with other inmates without removing him from the general prison population where he could freely communicate with others.

Finally, Mr. Hill argues that the Court erred when it stated that his fifth claim was that the initial hearing to approve his transfer to the CMU was a sham and therefore violated his due process rights. Mr. Hill's fifth claim is actually a due process claim regarding his transfer to the SMU in Thomson, Illinois, rather than the CMU in Terre Haute, Indiana. Regardless, the Court's analysis of his fifth claim still applies. While prison officials must periodically conduct informal and non-adversary reviews to ensure that administrative segregation does not become a pretext for indefinite confinement, *Isby v. Brown*, 856 F.3d 508, 525 (7th Cir. 2017), Mr. Hill has not alleged,

either in his amended complaint or in his motion to reconsider, that he has not received meaningful periodic reviews of his placement. Therefore, he has failed to state a viable due process claim.

Mr. Hill's motion, dkt. [36], is **granted to the extent** that the Court clarifies that his complaint's fifth claim was that the initial hearing to approve his transfer to the SMU in Thomson, Illinois was a sham and therefore violated his due process rights. The claim was properly dismissed by the Court for failure to state a claim. Because he has not demonstrated that the Court made a manifest error of law or fact in any other regard, his motion is otherwise **denied**.

The **clerk is directed** to update Mr. Hill's address consistent with the distribution portion of this Order.

**SO ORDERED.**

Date: 5/5/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEMETRIUS HILL
68133-053
Victorville USP
U.S. PENITENTIARY
P.O. BOX 3900
ADELANTO, CA  92301

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov