UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DEMETRIUS HILL,                            )
                                           )
                    Plaintiff,             )
                                           )
          v.                               )        No. 2:21-cv-00110-JPH-DLP
                                           )
WINGERD, et al.                            )
                                           )
                    Defendants.            )

**ORDER GRANTING MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Before the Court is the defendants' motion to dismiss based on the statute
of limitations. For the reasons explained in this Order, the defendants' motion,
dkt. [45], is **granted**.

## I.    BACKGROUND

Demetrius Hill initiated this case by filing a document titled "Petition for
Writ of Habeas Corpus; Religious Freedom Restoration Act (RFRA) 42 USC
2000bb" in the District of Columbia (hereinafter referred to as "the Complaint").
Dkt. 1. The Complaint alleged violations of the Religious Freedom Restoration
Act (RFRA). *Id.* Referring to himself as "King Demetrius, The 1st Prophet," Mr. Hill
explains that he was instructed by the divine to lead a new religion called, "The
1st Prophecy: Treason!".  Dkt. 1 at 1; 6. Since then, Mr. Hill has "received Divine
Revelations" and "recruited on a daily basis other prisoners into Treason." *Id.* at
9; 11. The Complaint also described an incident that allegedly occurred on
September 21, 2018, during which Mr. Hill said he was "maliciously and
sadistically attacked while as USP Terre Haute by Lt. Wingerd" and "3 other

C.O.'s." *Id.* at 17.  The Complaint did not name Lt. Wingerd or any "C.O.s" as defendants.  *See id.* at 2–4.

The District Court for the District of Columbia treated the Complaint as a civil rights complaint, noting that "the claims in this matter are, in fact, based on allegations of constitutional violations, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)." Dkt. 3. Mr. Hill responded that he did not intend to raise any *Bivens* claims but only sought to prevent the Bureau of Prisons from discriminating against him on the basis of his religion. Dkt. 4 ("Petitioner is <u>not</u> filing a '<u>Bivens</u>' action, . . . ").

The case was later transferred to the Northern District of Illinois, dkt. 10, and then to the Southern District of Indiana, dkt. 15.

On March 29, 2021, Mr. Hill filed an Amended Complaint that raised claims of religious discrimination and added additional defendants, naming as defendants for the first time the officers alleged to have subjected him to excessive force on September 21, 2018. Dkt. 21 at 9-10. The Amended Complaint alleged that "on September 21, 2018 he was satanically attacked, assaulted and beaten by Lt. Wingered, C.O. Mason, C.O. Purcell, C.O. Tindell. Plaintiff was attacked based on his religious beliefs, it was exactly 7 months to the day—of Plaintiff had received the 1st Prophethood from The Lord, and a 7:oclock p.m. . . . Plaintiff was punched, choked unconscious, hit in the head with a 'walki talki' his head was slammed into the steel bed frame . . . ."  Dkt. 21 at 9-10.

The Court screened the amended complaint.  Dkt. 27. The screening order dismissed Mr. Hill's free exercise claims, finding that "[t]he restrictions imposed

2

on Mr. Hill are rational responses to any inmate attempting to recruit others to overthrow the government, whether in the name of religion or not. The Court can discern no acceptable alternative means of allowing Mr. Hill to engage in and encourage treason." Dkt. 27 at 7.  The screening order similarly dismissed Mr. Hill's RFRA claim, finding that "because the entire basis of Mr. Hill's religion is to commit treason, there are no less restrictive methods that prison authorities could use to achieve the goal of not allowing Mr. Hill to join forces with others in promoting his religion." Dkt. 27 at 8-9. The only claim that survived screening was the claim alleging excessive force. Dkt. 27.

Mr. Hill appealed the Court's screening order, dkt. 31, and sought leave to proceed *in forma pauperis*, dkt. 40.  The District Court had previously denied Mr. Hill's request to proceed *in forma pauperis* because he was a "prisoner who has filed at least three suits or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim." Dkt. 23. The Seventh Circuit later denied Mr. Hill's request to proceed *in forma pauperis* and dismissed the appeal because Mr. Hill failed to pay the $505 filing fee as ordered.  Dkt. 53.  Mr. Hill has not made any filing since the Court of Appeals dismissed his appeal on April 5, 2022, for failure to pay the filing fee.  Dkt. 53; *see* dkt. 49 (Mr. Hill's last filing, regarding payment of appellate filing fees).

While Mr. Hill's appeal was pending, on or about December 22, 2021, Defendants served their motion to dismiss and supporting brief on Mr. Hill at the USP in Thomson, Illinois. Dkts. 45 and 46.  Mr. Hill did not file a response to Defendants' motion to dismiss.  Mr. Hill was released from custody about

seven months later, on July 1, 2022. *See* Bureau of Prisons website (available at https://www.bop.gov/inmateloc/). Although the Court previously ordered Mr. Hill to update his address within ten days of any change, dkt. 18, he has failed to do so.

## II.    APPLICABLE LAW

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chi.*, 907 F.3d 487, 491 (7th Cir. 2018).

## III.    ANALYSIS

In support of their motion to dismiss, Defendants argue that Mr. Hill's excessive force claim is barred by the applicable two-year statute of limitations. Dkt. 46 at 5. Mr. Hill alleges that he was subjected to excessive force on September 21, 2018, dkt. 21 at 9-10, but he did not bring that claim until March 29, 2021. Dkt. 46 at 5-6.

Pursuant to the Court's screening order, Mr. Hill's excessive force claim arises under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). "The statute of limitations for *Bivens* claims against federal officers is the same as for § 1983 actions against state officers; both periods are borrowed from the state in which the alleged injury occurred." *Cesal v. Moats*, 851 F.3d 714, 721–22 (7th

Cir. 2017).  Mr. Hill's alleged injury occurred in Indiana, which has a two-year statute of limitations for personal injury claims. Ind. Code § 34-11-2-4(a); *Julian v. Hanna,* 732 F.3d 842, 844–45 (7th Cir. 2013).  The tolling rules applicable to *Bivens* claims are also governed by Indiana law, *Gonzalez v. Entress*, 133 F.3d 551, 554-55 (7th Cir. 1998), and Indiana's tolling rules do not recognize incarceration as a reason to toll a statute of limitations. *Bailey v. Faulkner*, 765 F.2d 102, 103 (7th Cir. 1985).

A court should grant a motion to dismiss a claim as barred by the statute of limitations "only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.,* 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014)). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester,* 782 F.3d at 928. Still, "if a plaintiff alleges facts sufficient to establish a statute of limitation defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

Here, the defendants argue that Mr. Hill's amended complaint alleges all facts that are needed to establish their statute of limitations defense: Mr. Hill alleges that the excessive force occurred on September 21, 2018, dkt. 27 at 3; 9-

5

10, which is more than two years before he filed his amended complaint on March 29, 2021. dkt. 21. Mr. Hill's excessive force claim accrued on September 21, 2018. *Gonzalez*, 133 F.3d at 554-55 (application of excessive force in violation of the constitution was "immediately actionable"), but he did not bring an excessive force claim or name the officers allegedly involved as defendants until March 29, 2021, more than six months after the expiration of Indiana's two-year statute of limitations. Dkt. 21. While "[d]ismissing a complaint as untimely at the pleading stage is an unusual step", *Sidney Hillman Health Ctr. of Rochester,* 782 F.3d at 928, the Court finds it appropriate here.

First, Mr. Hill did not name as defendants in the Complaint any of the individual officers who he alleges to have been involved in the excessive force. *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), teaches that a pro se plaintiff must "choose who to sue or not to sue" and follow the Federal Rules of Civil Procedure in doing so—simply referring to a person in the body of the complaint is not enough bring a claim against that person. In *Myles*, the pro se plaintiff complained that the district court did not suggest that he should amend his complaint to include *Bivens* claims against individual defendants who were mentioned in the body of the complaint but were not named as defendants. The Seventh Circuit rejected that argument: "The judge could not properly have deemed anyone other than the United States to be a defendant. The body of the complaint mentions several federal employees, but to make someone a party the plaintiff must specify him in the caption and arrange for service of process." *Id.* at 551 (citing Fed. R. Civ. P. 10(a)). By failing to take these steps, Mr. Hill did

6

nothing to notify the individual officers before the statute of limitations expired that they were at risk of liability. "[A] person must be made a party within the period of limitations; a plaintiff's errors do not justify exposing potential adversaries to open-ended risk of liability." *Myles*, 416 F.3d at 552.

Second, Mr. Hill explicitly denied that he was bringing a *Bivens* claim in the Complaint.  In the cover letter filed with the Complaint, Mr. Hill stated, "Enclosed please find a RFRA complaint against the F-BOP for religious discrimination and persecution." Dkt. 1.  Then, after the D.C. court construed his complaint as a *Bivens* claim, Mr. Hill responded: "Petitioner is <u>not</u> filing a '<u>Bivens</u>' action, as he made clear in the complaint.  He is in fact a '<u>Religious FREEDOM RESTORATION ACT</u>' (RFRA) to prevent the BOP continued discrimination against Petitioner based on his religious beliefs, i.e., The 1st Prophecy: TREASON." Dkt. 4.

The Court has considered whether there is "a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense," *Sidney Hillman Health Ctr. of Rochester,* 782 F.3d at 928, and concluded there is not. To defeat the motion to dismiss, Mr. Hill would need to show either that he brought the claims before the two-year period expired, or that some equitable doctrine tolls the statute under Indiana law. *See Wabash Grain, Inc. v. Smith*, 700 N.E.2d 234, 239 n. 9 (Ind. Ct. App. 1998) (noting that Indiana does not recognize equitable tolling as it is defined under federal law but recognizes some form of equitable estoppel).  With respect to his excessive force claim, Mr. Hill cannot make such a showing.

Nor can Mr. Hill's amended complaint relate back. Federal Rule of Civil Procedure 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. 15(c)(1). None of these provisions apply here for relation back of Mr. Hill's amended complaint.

First, Indiana's relation-back rule, Ind. Trial R. 15(C), "is materially identical to the federal rule." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011). Thus, it provides no separate basis for relation back of Mr. Hill's amended complaint and the Court need not consider it separately. *Id.*

Second, because Mr. Hill described the alleged excessive force incident in both the Complaint and the Amended Complaint, he likely could have argued

that the excessive force was related to the religious freedom claim he intended to raise in his complaint, potentially satisfying Rule 15(c)(1)(B). But he specifically rejected any notion that the Complaint stated a *Bivens* claim, dkt. 4, and, because his amended complaint added new defendants, he would also need to satisfy Rule 15(c)(1)(C) for his excessive force claims to relate back to his original complaint. *Cf. Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (analyzing Rule 15(c)(1)(B) and noting that "although the amended pleading changed the potential group of plaintiffs in the case, it did not change the party or the naming of the party *against whom* the claim was asserted, and thus there is no problem under Rule 15(c)(1)(C).").

Rule 15(c)(1)(C) allows for relation back of claims against new defendants if they 1) received notice of the claim such that they are not prejudiced in their ability to defend the claim on the merits, and 2) they should have known of the claim against them despite the plaintiff's mistake in identifying them. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 561 (7th Cir. 1996) (district court erred in denying motion to amend complaint without determining whether claims against individual defendants who were previously unknown to the plaintiff related back to his original complaint which only brought claims against sheriff department).

The record shows that Mr. Hill's failure to name these defendants in his original complaint was not a mistake or due to a lack of knowledge of their names. Mr. Hill's original complaint discussed Lt. Wingerd by name, dkt. 1 at 17, so he knew Lt. Wingerd's identity and could have named him as a defendant

in his original complaint if he intended to pursue a claim against him. Mr. Hill also knew the identities of officers Purcell and Tindall as he named them as participants in the grievance that he filed two days after the alleged incident. Dkt. 46-1. But when given the chance to proceed with a *Bivens* claim, *see* dkt. 3, Mr. Hill expressly declined to do so, dkt. 4.  Although his original complaint named as defendants "all known and unknown BOP staff involved in Petitioner[']s CMU placement," his excessive force claim does not appear to overlap with his classification claim and, in any event, naming John Doe defendants does not preserve claims against those defendants to be raised in a future amended complaint. *See Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (Plaintiff used "John Doe" placeholders in original complaint, then amended after learning defendants' names, but amendments did not relate back because "suing a John Doe defendant is a conscious choice, not an inadvertent error.").

The individual defendants were never served the original complaint and were not served the amended complaint until after it was screened by the Court in August 2021, nearly a year after the statute of limitations had expired. Even if the individual defendants had been aware of Mr. Hill's lawsuit, they would have had no reason to suspect that he was suing them individually because he expressly denied any intention of doing so. Dkt. 4.

\*  \*  \*

"[A]lthough district courts must warn litigants before dismissing a case *sua sponte*, they need not do so when as here, the court is ruling on a motion

filed by the opposing party. . . . The motion itself is the warning." *Shaffer v. Lashbrook*, 962 F.3d 313, 316 (7th Cir. 2020).  Here, Mr. Hill, an experienced litigator in federal court[1], "allege[d] facts sufficient to establish a statute of limitation defense," *O'Gorman*, 777 F.3d at 889. And defendants have carried their burden of showing that dismissal based on statute of limitations is warranted. *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (movant must still show that dismissal is proper even if non-movant fails to respond). Under these circumstances, it is not unjust or unfair to grant the defendants' motion to dismiss.

Mr. Hill's claim is **dismissed with prejudice**.  Final judgment consistent with this Order, and the Screening Order, dkt. [27], shall issue.

**SO ORDERED.**

Date: 9/16/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEMETRIUS HILL
68133-053
Victorville USP
U.S. PENITENTIARY
P.O. BOX 3900
ADELANTO, CA  92301

---

[1] Mr. Hill has filed five suits, including this one, in this district since 2018 and an unknown number outside this district. *Hill v. Krueger*, 2:18-cv-00336-JMS-DLP; *Hill v. Warden*, 2:19-cv-00454-JRS-DLP; *Hill v. Lamer*, 2:19-cv-00508-JRS-DLP; Hill v. Lammer, 2:19-cv-00588-JRS-MJD; dkt. 23 (listing three cases from outside this district).

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov